IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) CASE NO.: 1:20-cv-02522 |
| | ) |
| Plaintiff, | ) JUDGE: |
| | ) |
| v. | ) |
| | ) **PLAINTIFF'S MOTION TO** |
| CASE WESTERN RESERVE | ) **PROCEED UNDER A PSEUDONYM** |
| UNIVERSITY, | ) **AND FOR A PROTECTIVE ORDER** |
| | ) |
| Defendant. | ) |

Plaintiff John Doe respectfully requests that this Court grant him leave to proceed under a pseudonym and for a protective order.  The reasons in support of this motion are stated more fully in the accompanying Memorandum of Law attached hereto and incorporated herein by reference.

Respectfully submitted,

*/s/ Susan C. Stone*
Susan C. Stone (0064445)
Kristina W. Supler (0080609)
KOHRMAN JACKSON & KRANTZ, LLP
1375 E. 9th St., 29th Floor
Cleveland, OH 44114
P: (216) 696-8700
F: (216) 621-6536
E: scs@kjk.com
    kws@kjk.com

*Attorneys for Plaintiff*

## MEMORANDUM OF LAW

Plaintiff John Doe submits this Memorandum of Law in support of his Motion to Proceed Under a Pseudonym and for a Protective Order.  John asks that he be permitted to proceed in the above-captioned matter anonymously because the circumstances of this case are such that requiring them to proceed under his own names would disclose information of the utmost personal intimacy, including education records protected from disclosure by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; 34 CFR Part 99. John also seeks to protect the identity of Jane Roe.

## I.  BACKGROUND

In bringing this action, John seeks redress for actions taken by Case Western Reserve University ("Case") in conducting a flawed investigation and hearing.  This case originated with an accusation of sexual misconduct by Jane and involves student disciplinary records that are confidential under federal law and the disclosure of information of the utmost personal intimacy.  Accordingly, to protect both his and Jane's identities, John should be permitted to proceed under a pseudonym.

## II.  DISCUSSION

Courts have long permitted parties to use pseudonyms when necessary to protect privacy and reputational interests.  *See, e.g., Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997) ("litigants may have a strong interest in protecting their privacy"); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) ("[t]he ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.") (citation omitted); *Doe v. Von Eschenbach*, No. 062131 (RMC), 2007 WL 1848013, at *1-2 (D.D.C. June 27, 2007) (noting that the use of pseudonyms "has been permitted where the issues

are matters of a sensitive and highly personal nature" and observing that the "presumption of openness" must be balanced with a plaintiff's privacy rights) (citation omitted).

Although Fed. R. Civ. P. 10(a) requires that a complaint name all of the parties, this Court has discretion to allow John to use a pseudonym. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In exercising its discretion, this Court is required to balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure. *In re Polemar Constr. Ltd. P'ship*, 23 Fed. App'x 423, 425 (6th Cir. 2001). John acknowledges that there is a strong public policy in favor of public access to judicial proceedings; however, John suggests that this case falls within the exception that parties "are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this policy." *Citizens for a Strong Ohio v. Marsh*, 123 Fed. App'x 630, 636 (6th Cir. 2005). The Sixth Circuit has stated that this Court should consider, among other factors, "whether prosecution of the suit will compel the [party] to disclose information of the utmost intimacy." *Id.* (quoting *Porter*, 370 F.3d at 560). In this case, the disclosure of John's name would forever associate him with Jane's allegation of sexual misconduct, which forms the basis for Case's unlawful actions against him. As a result, John would suffer public embarrassment and irreparable harm to his future career and reputation. This public embarrassment and irreparable harm extends to Jane. Thus, the Court should grant John's motion to protect her identity as well.

Maintaining the confidentiality of John's identity in this litigation is consistent with federal policy as expressed by FERPA. This case involves school disciplinary records. The confidentiality of school disciplinary records is well established. *See United States v. Miami Univ.*, 294 F.3d 797, 812 (6th Cir. 2002) (noting that Congress "intend[ed] to include student disciplinary records within the meaning of 'education records' as defined by the FERPA").

3

Defendant will not suffer any harm by permitting John to proceed as a John Doe, as Case and is already aware of the identity of John and the other persons pseudonymously named in the Verified Complaint.

Indeed, the weight of authority from various district courts within this Circuit weighs in favor of allowing John to proceed under a pseudonym. *See, e.g.*, *Doe v. College of Wooster, et al.,* Case No. 5:17-cv-00323, ECF No. 29 (N.D. Ohio April 4, 2017); *Doe v. Oberlin College,* Case No. 1:17-cv-01335, ECF No. 9 (N.D. Ohio July 11, 2017); *Doe v. University of Cincinnati*, Case No. 1:15-cv-681, ECF No. 13 (S.D. Ohio December 22, 2015), *Doe v. Alger*, 317 F.R.D. 37, 42 (W.D. Va. 2016) ("[T]he court concludes that Doe's privacy interest outweighs the presumption of openness in judicial proceedings and that he may thus proceed anonymously in this case. The court also finds good cause to protect Roe and the other students involved in the disciplinary proceedings, and so the use of their real names will be prohibited as well."). As the foregoing authorities demonstrate, John's privacy interest outweighs the public's interest in open court proceedings and protection of John's identity will not prejudice Case.  Moreover, John is seeking to protect both his identity and the identity of Jane Roe.  *See Alger*, 317 F.R.D. at 40 ("Further, while Doe's identification would not necessarily lead to Roe's identification, too, it would certainly make it more likely. Upon learning Doe's identity, persons who know him or know of him may put two and two together and work out Roe's identity.").

**WHEREFORE**, John respectfully requests that this Court grant his Motion to Proceed Under a Pseudonym and For a Protective Order.

Respectfully submitted,


/s/  Susan C. Stone
Susan C. Stone (0064445)
Kristina W. Supler (0080609)
KOHRMAN JACKSON & KRANTZ, LLP
1375 E. 9th St., 29th Floor
Cleveland, OH 44114
P: (216) 696-8700
F: (216) 621-6536
E: scs@kjk.com
    kws@kjk.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing *Plaintiff's Motion to Proceed Under a Pseudonym and for a Protective Order* was served upon the following via email and/or regular mail this 9th day of November, 2020 to Peter M. Poulos, General Counsel, Case Western Reserve University, 10900 Euclid Ave., Adelbert Hall Room 311, Cleveland, OH 44106, *peter.poulos@case.edu* and Michelle R. Arendt, Senior Counsel, Case Western Reserve University, 10900 Euclid Ave., Adelbert Hall Room 311, Cleveland, OH 44106, *michelle.arendt@case.edu*.

Respectfully submitted,

*/s/ Susan C. Stone*