UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** | ) | **CASE NO. 1:20CV2522** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **CASE WESTERN RESERVE UNIVERSITY,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A BOYKO, J:**

This matter is before the Court on the Motion for Temporary Restraining Order and Preliminary Injunction. (ECF #4). For the following reasons, the Court denies the Motion.

Plaintiff seeks to halt a hearing brought under its Sexual Misconduct Policy which started the day this Motion was filed. According to Plaintiff, he was accused of sexual misconduct by a fellow student. During her opening statement, the alleged victim "discussed the fact that she was proceeding to a hearing despite John offering to settle the matter by leaving campus until she graduated from Case." (Motion for TRO pg. 1). This disclosure of confidential settlement discussions tainted the panel assigned to hear the case and, according to Plaintiff, requires that the Court enjoin further proceedings and order a new panel to be constituted to hear the case.

Furthermore, Plaintiff alleges he requested but was denied the right to have his student advisor cross-examine the alleged victim as authorized by the updated Case Western University Sexual Misconduct Policy of 2020 and new Title IX regulations. Plaintiff asks the Court to "stop the hearing today and empanel a new hearing panel that follows the 2020 Interim Sexual Misconduct Policy and new Title IX regulations." (Id. at 2).

Defendant opposes the Motion arguing that the panel issued a corrective instruction, after hearing Plaintiff's disclosure of the confidential settlement offer, to disregard the same. Furthermore, Defendant opposes injunctive relief contending there was no irreparable harm until such time as the panel issues a decision. Lastly, Defendant argued that the new regulations to Title IX expressly hold they are not retroactive.

## LAW AND ANALYSIS

**Standard of Review**

Injunctive relief is an extraordinary remedy and is issued cautiously and sparingly. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312-13 (1982).

Four factors must be considered when deciding whether to grant an injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether there is a threat of irreparable harm to the movant; (3) whether others will suffer substantial harm as a result of the injunction, should it issue; and (4) whether the public interest will be served by the injunction. *See Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998); *Vittitow v. Upper Arlington*, 43 F.3d 1100, 1109 (6th Cir. 1995) (the four factors are "not prerequisites to be met, but factors to be balanced"); *D.B. v. Lafon*, 2007 U.S. App. LEXIS 3886 (6th Cir. 2007). While no single factor will be determinative as to the appropriateness of the equitable relief sought, (*In re DeLorean Motor Co.*, 755 F.2d 1223,

1229 (6th Cir. 1985)), "a finding that there is simply no likelihood of success on the merits is usually fatal."  *Gonzales v. Nat'l Bd. Of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

The moving party must establish its case by clear and convincing evidence.  *See Deck v. City of Toledo*, 29 F. Supp. 2d 431, 433 (N.D. Ohio 1998) (citing *Garlock, Inc. v. United Seal, Inc.*, 404 F.2d 256, 257 (6th Cir. 1968)).  Clear and convincing evidence must produce a firm belief about the facts to be proved.  It must be more than evidence that simply outweighs or overbalances the evidence opposed to it.

The purpose of a preliminary injunction is to preserve the status quo.  *Procter & Gamble v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996).

After discussions with counsel via telephone, the Court denies Plaintiff's Motion.  The Court finds that under the limited record before it, Plaintiff has not met his burden to show a threat of irreparable harm sufficient to warrant the extraordinary relief of injunction.   In light of the corrective instruction to disregard Plaintiff's settlement offer disclosure, the Court finds Plaintiff cannot show by clear and convincing evidence he was irreparably harmed by the disclosure.

Moreover, the hearing was ongoing so any concerns about denial of Title IX protections is premature at this point and issues regarding irreparable harm may be rendered moot should the panel rule in Plaintiff's favor.

Therefore, in light of the foregoing reasons the Court denies Plaintiff's Motion.  The case shall proceed on the claims.

IT IS SO ORDERED.

Date: November 9, 2020                     /s/Christopher A. Boyko
                                           CHRISTOPHER A. BOYKO
                                           Senior United States District Judge